Julius Edward SPIVEY *v.* STATE of Arkansas

CA CR 87-235                           757 S.W.2d 186

Court of Appeals of Arkansas
Division II
Opinion delivered September 28, 1988

*William Adolph Owings,* for appellant.

*Steve Clark,* Att'y Gen., by: *Lynley Arnett,* Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant in this criminal case was charged with two counts of theft of property on October 15, 1985. He was arrested on December 2, 1986. Amended informations were filed on February 15, 1987, and March 19, 1987. After a jury trial on April 29, 1987, the appellant was found guilty of two counts of theft of property and was sentenced as an habitual offender to twenty-five years in the Arkansas Department of Correction on each count. Within ninety days after the judgment was entered, the appellant petitioned the trial court for reduction of his sentence under Ark. Stat. Ann. § 43-2314 (Supp. 1985), now codified at Ark. Code Ann. § 16-90-111 (Supp. 1987). The trial court denied the petition in an order filed August 24, 1987. From those convictions, comes this appeal.

For reversal, the appellant contends that he received ineffective assistance of counsel in both the guilt phase and the sentencing phase of his trial. We affirm.

The appellant first argues that he received ineffective assistance in the guilt phase of his trial because his attorney failed to assert his right to a speedy trial under A.R.Cr.P. Rule 28.1, or to enter a motion to dismiss on that ground. The State argues that the appellant has failed to preserve this issue for appeal.

The record shows that the felony information was filed on October 15, 1985, and that trial was held on April 29, 1987. The appellant contends that trial was thus held fifteen days after the expiration of the time limit for bringing him to trial under Rule 28.1(c). The appellant concedes that he waived his rights under the speedy trial rule by his failure to move for dismissal under that rule, *see* A.R.Cr.P. Rule 30.2, but he argues that his waiver of the right to a speedy trial did not operate as a waiver of the right to effective assistance of counsel. *See Hall* v. *State*, 281 Ark. 282, 663 S.W.2d 926 (1984).

The appellant never raised any issue at trial concerning the effectiveness of his trial counsel. In his post-trial motion for reduction of sentence under Ark. Stat. Ann. § 43-2314, he asserted that his trial counsel was ineffective in that he failed to "raise motions" and subpoena witnesses as requested by the appellant. The petition also alleged that one of the appellant's prior convictions was improperly used to enhance his sentence.

As the Arkansas Supreme Court stated in *Lasiter* v. *State*, 290 Ark. 96, 717 S.W.2d 198 (1986), ineffectiveness of counsel is not generally considered when a case is first appealed because the facts relevant to that issue have not been developed. However, the Court noted that if the facts *have* been presented to the trial court at a hearing related to motions for a new trial, the Court will look at the issue on direct appeal. In the present case, the appellant did not specify in his § 43-2314 petition the motions which he assertedly requested but his attorney failed to make. The present contention of ineffective assistance based on counsel's failure to protect the appellant's right to a speedy trial was never presented to the trial court. We disagree with the appellant's contention that no objection was required to preserve for appeal his argument concerning ineffective assistance of counsel. Our Supreme Court has "reiterated time and again that the question of effectiveness of counsel may not be raised for the first time on appeal." *Sumlin* v. *State*, 273 Ark. 185, 617 S.W.2d 372 (1981). It is also settled that an argument based on the trial court's failure to list all excluded time periods in determining whether a defendant received a speedy trial will not be considered on appeal when it has never been raised in the trial court. *Allen* v. *State*, 294 Ark. 209, 742 S.W.2d 886 (1988). With few exceptions, not applicable here, *see, e.g., Wicks* v. *State*, 270 Ark. 781,

606 S.W.2d 366 (1980), an argument for reversal will not be considered in the absence of a timely, clear, and specific objection in the trial court. *Horn* v. *State*, 282 Ark. 75, 665 S.W.2d 880 (1984); *Dillard* v. *State*, 20 Ark. App. 35, 723 S.W.2d 373 (1987). It is clear that the speedy trial issue was never raised in the trial court, and may not be raised for the first time on appeal. The appellant's remedy is to challenge the adequacy of his attorney's representation in a petition for post-conviction relief under A.R.Cr.P. Rule 37. *Carrier* v. *State*, 278 Ark. 542, 647 S.W.2d 449 (1983).

The appellant's next contention concerns the use of one of his prior convictions for sentence enhancement under the Habitual Offender Statute. The appellant asserts that one of the three prior convictions offered for sentence enhancement should not have been considered. The record shows that the appellant raised this issue in his § 43-2314 petition for reduction of sentence. The appellant's argument, although couched in terms of ineffective assistance, is that the Habitual Offender Statute was improperly applied, and we will address it on that basis.

The conviction which is the subject of this point for reversal stems from an offense which occurred on December 14, 1982. The appellant contends that Ark. Stat. Ann. § 41-1001 (Supp. 1985), now codified at Ark. Code Ann. § 5-4-501 (1987), prohibits the use of convictions for offenses committed before June 30, 1983, for sentence enhancement purposes. We find no merit to this contention. Arkansas Statutes Annotated § 41-1001(1) provides that:

> A defendant who is convicted of a felony committed after June 30, 1983, and who has previously been convicted of more than one (1) but less than four (4) felonies, may be sentenced to an extended term of imprisonment. . . .

The statute clearly distinguishes between the conviction being enhanced, which must have occurred after June 30, 1983, and the "previous" conviction or convictions used for enhancement purposes, for which no limitation period is stated. The Supreme Court has stated that § 41-1001 "provides in clear language that in an appropriate case, a prior conviction, *regardless of the date of the crime*, may be used to increase punishment." *Washington* v. *State*, 273 Ark. 482, 621 S.W.2d 216, 218 (1981) (emphasis

supplied). We think that the June 30, 1983, time limit is clearly applicable only to the conviction being enhanced, and not to prior convictions being used for enhancement purposes.

Affirmed.

MAYFIELD and COULSON, JJ., agree.