John Ervin MEDLOCK *v.* STATE of Arkansas

CR 96-1435                                    942 S.W.2d 861

Supreme Court of Arkansas
Opinion delivered April 28, 1997

*Michael J. Medlock*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

W.H. "Dub" ARNOLD, Chief Justice. The appellant, John Ervin Medlock, was convicted in Fort Smith Municipal Court of driving while intoxicated and for refusing to submit to a breathalyzer test. He appealed his convictions to the Fort Smith District of Sebastian County Circuit Court. At trial, over Medlock's objection, the circuit judge refused to instruct the jury on the charge of refusal to submit to the breathalyzer test, found him guilty as charged, and suspended his license for six months. On appeal, Medlock asks that we reverse his conviction for refusal to submit on the basis that the statutory provision governing the offense at the time of his arrest on November 27, 1995, Ark. Code

Ann. § 5-65-205(c) (Repl. 1993), which provides for a judicial determination and not a trial by jury, deprives him of his right to a jury trial under the federal and state constitutions. We agree that Medlock was entitled to a jury trial under the Arkansas Constitution and reverse.

The statutory provision at issue, Ark. Code Ann. § 5-65-205(c) (Repl. 1993), provides as follows:

> If the judge determines that the law enforcement officer had reasonable cause to believe the arrested person had been driving while intoxicated or while there was one-tenth of one percent (0.10%) or more of alcohol in the person's blood, and the person refused to submit to the test upon the request of the law enforcement officer, the judge shall order the Office of Driver Services to:
>
> (1) Suspend the motor vehicle operator's license for:
>
> (A) A period of not less than six (6) months nor more than one (1) year if the person had not previously refused the test within three (3) years of the refusal in question and if the person had not been convicted of driving while intoxicated or driving while there was one-tenth of one percent (0.10%) or more of alcohol in the person's blood within three (3) years of the refusal;
>
> (B) A period of not less than one (1) year nor more than sixteen (16) months if the person had previously refused the test within three (3) years of the refusal in question or if the person had been convicted of driving while intoxicated or driving while there was one-tenth of one percent (0.10%) or more of alcohol in the person's blood within three (3) years of the refusal;
>
> (C) A period of not less than two (2) years nor more than thirty (30) months if the person had previously refused the test two (2) times within three (3) years of the refusal in question or if the person had been convicted of the second offense of driving while intoxicated or driving while there was one-tenth of one percent (0.10%) or more of alcohol in the person's blood within three (3) years of the refusal; or
>
> (2) Revoke the motor vehicle operator's license if the person had previously refused the test three (3) times within three (3) years of the refusal in question or if the person had been convicted of the third offense of driving while intoxicated or driving while there

was one-tenth of one percent (0.10%) or more of alcohol in the person's blood within three (3) years of the refusal. The revocation shall continue for a period of three (3) years.

Medlock argues that this provision is facially unconstitutional because it removes from the jury's province the ability to determine whether the arresting officer had reasonable cause to believe the defendant had been driving while intoxicated.

■ We first analyze this issue under the Sixth Amendment to the United States Constitution. In *Duncan v. Louisiana*, 391 U.S. 145 (1968), the Supreme Court held that defendants are not entitled to a jury trial for petty offenses. To determine whether a legislature views a particular offense as serious, primary emphasis is placed on the maximum authorized period of incarceration. *Blanton v. North Las Vegas*, 489 U.S. 538 (1989). For purposes of the Sixth Amendment, it is appropriate to presume that society views an offense carrying a maximum prison term of six months or less as a petty offense. *Id.* at 543.

■ Applying this principle here, it is clear that Medlock is not entitled to a jury trial under the Sixth Amendment. Arkansas's refusal-to-submit law does not provide for either incarceration or a fine. Instead, the only penalty authorized is the suspension or revocation of the accused's driver's license. Thus, Medlock had no Sixth Amendment right to jury trial.

■ Medlock also challenges the refusal-to-submit law as violative of the Arkansas Constitution and Rules of Criminal Procedure. Arkansas Const. art. 2, § 7, provides that "[t]he right to trial by jury shall remain inviolate, and shall extend to all cases at law, without regard to the amount in controversy; but a jury trial may be waived by the parties in all cases in the manner prescribed by law . . . ." Rule 31.1 of the Arkansas Rules of Criminal Procedure provides that there may not be a waiver of the right to jury trial without the assent of the prosecutor and the approval of the court. The only way a defendant may waive the jury trial right is by personally making an express declaration in writing or in open court, and the open-court proceedings where the defendant waives his or her right must be preserved. Ark. R. Crim. P. 31.2; *see also Calnan v. State*, 310 Ark. 744, 841 S.W.2d 593 (1992).

■ While there is no entitlement to a jury trial in a municipal court, the right remains inviolate when an appeal is pursued to a circuit court where the case is tried *de novo*. *State v. Roberts*, 321 Ark. 31, 900 S.W.2d 175 (1995); *Edwards v. City of Conway*, 300 Ark. 135, 777 S.W.2d 583 (1989); Ark. Code Ann. § 16-17-703 (Repl. 1994). When a conviction is appealed from a municipal court to a circuit court, the case is tried *de novo*, and the appellant is entitled to a trial by jury. *State v. Roberts, supra; Weaver v. State*, 296 Ark. 152, 752 S.W.2d 750 (1988); *Johnston v. City of Pine Bluff*, 258 Ark. 346, 525 S.W.2d 76 (1975). In this case, Medlock appealed his convictions to circuit court and did not waive his right to jury trial.

■ The State defends the circuit judge's ruling by emphasizing that the operation of a motor vehicle is a privilege, not a right, and that the State may exercise its police power to regulate this privilege. *Stevens v. State*, 319 Ark. 640, 893 S.W.2d 773 (1995). However, the legislature, in exercising its police power to regulate the privilege of operating a motor vehicle, has chosen to make refusing to submit to a breathalyzer test part of our criminal code. Thus, a conviction for refusal to submit to a breath test, like any other criminal offense, is subject to Arkansas law that guarantees the right to a jury trial unless that right is expressly waived.

■ Under Arkansas law, it does not matter that Medlock was convicted of a petty offense. In *Johnston v. City of Pine Bluff, supra*, Johnston was convicted of violating a City of Pine Bluff speeding ordinance. The circuit judge denied Johnston's request for a jury trial, and she appealed. This court rejected the City's theory that Johnston had only been convicted of a petty offense for which the Arkansas Constitution does not guarantee the right to trial by jury. We reversed Johnston's conviction, stating specifically that, under Arkansas law, "No distinction is made between petty offenses and other misdemeanors." *Id.* at 347.

■ In the present case, the statutory provision at issue, Ark. Code Ann. § 5-65-205(c) (Repl. 1993), provides that the trial judge, rather than the jury, is to determine whether a defendant is guilty of refusing to submit to chemical test. Clearly, to the extent that this provision prevents a defendant from having a jury deter-

mine whether he or she is guilty of the offense, we hold that it unconstitutionally infringes upon the right to jury trial under the Arkansas Constitution. Consequently, we must conclude that it was error to deny Medlock's request to submit his refusal-to-submit charge to the jury and reverse his conviction.

Reversed.