2010 Ark. App. 589

**Kenneth Joe BARROW, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 09–868.**

Court of Appeals of Arkansas.

Sept. 15, 2010.

Teresa Bloodman, Maumelle, AR, for appellant.

Dustin McDaniel, Atty. Gen., Kathryn Henry, Asst. Atty. Gen., Little Rock, AR, for appellee.

ROBERT J. GLADWIN, Judge.

Appellant Kenneth Joe Barrow appeals his conviction by the Faulkner County Circuit Court on charges of sexual assault and sexual indecency against his stepdaughter, K.B., and the rape and terroristic threatening of his daughter, A.B. He challenges the sufficiency of the evidence supporting the convictions and also argues that the circuit court committed reversible error by failing to (1) determine whether appellant knowingly, intelligently, and voluntarily waived his right to a jury trial; (2) dismiss all charges pursuant to a violation of the speedy-trial rule; (3) impose sanctions against the State for failure to comply with discovery requests. We affirm.

## Facts

On February 17, 2009, appellant was tried on charges from two separate infor-mations. The first, filed on July 6, 2007, contained two charges, (1) sexual assault in the second degree, alleging that he engaged in sexual contact with his stepdaughter, K.B. and (2) sexual indecency, alleging that he coerced K.B. to expose her sex organs or breast. In the second information, filed on November 14, 2007, appellant was charged with the commission of the offenses of rape and terroristic threatening in the first degree against his daughter, A.B. All charges were consolidated for the bench trial.

Prior to the charges being filed, appellant had served a tour of duty in Iraq as a chemical-control officer in the United States Army. He was married to the mother of the minor children named in the informations. K.B. was not the natural child born to the union of the two, but appellant was the only father-figure in her life, and A.B. was the natural child born to appellant and his wife.

Appellant filed various motions in the cases, including two motions for discovery. He also moved for sanctions against the State, alleging that the State failed to provide information relating to medical and therapeutic treatment received by the victims that was revealed at trial but not previously made available to appellant. It is undisputed that a written waiver of jury trial was signed by appellant; however, there is no verbatim record of any proceeding during which the waiver was confirmed as having been knowingly, intelligently, and voluntarily signed.

K.B., A.B., and two other witnesses provided testimony for the State. Appellant made a general motion for directed verdict with respect to all four charges after the State rested, but the motion was denied. Along with several other witnesses, appellant then testified in his own defense, denying that he engaged in the alleged

criminal violations or that there were any observed signs of abuse.

At the conclusion of the trial, the motion for directed verdict was renewed on the same grounds and was again denied. Appellant was found guilty on all charges and sentenced by the circuit court as follows: ten years on the charge of sexual assault; five years on the charge of sexual indecency; twenty years on the charge of rape; and five years on the charge of terroristic threatening. The ten- and twenty-year sentences were ordered to run consecutively, and the five-year sentences concurrently. A timely notice of appeal was filed on February 20, 2009.

## I. Sufficiency of the Evidence

■ When a defendant challenges the sufficiency of the evidence, which serves as the basis for his conviction, the evidence is viewed in the light most favorable to the State and only evidence supporting the conviction will be considered. *Thessing v. State,* 365 Ark. 384, 230 S.W.3d 526 (2006). Moreover, the courts have also held that the test for determining the sufficiency of evidence is whether the conviction is supported by substantial evidence. *Id.* Substantial evidence must be forceful enough to compel a conclusion one way or another beyond suspicion and conjecture. *Id.*

Appellant was charged with violations of Arkansas Code Annotated sections 5–14–125 (Repl.2006); 5–14–110 (Repl.2006); 5–14–103 (Repl.2006); and 5–13–301 (Repl. 2006), against his stepdaughter, K.B., and daughter, A.B. Appellant's sole argument with respect to this issue is that the State's case regarding the four charges consisted solely of the uncorroborated, and sometimes inconsistent, testimony of K.B. and A.B. He notes that, not only was there no medical evidence or therapeutic-counseling evidence presented, the State failed to present corroborating evidence of any kind.

Appellant acknowledges that the law is clear that a person can be convicted upon the uncorroborated testimony of a minor if the testimony satisfies the statutory elements of the offense. *Rohrbach v. State,* 374 Ark. 271, 287 S.W.3d 590 (2008). He argues that, while in most cases corroboration might not be necessary, it does become an issue when the credibility of the minor children is brought into question as was done in this case. Appellant recognizes that this court will only reverse a credibility determination if the testimony is inherently improbable, physically impossible or so clearly unbelievable that reasonable minds can differ, *see Kitchen v. State,* 271 Ark. 1, 607 S.W.2d 345 (1980), but he maintains that the testimony in this case is neither credible nor sufficient to support a conviction.

■ The State responds, and we agree, that appellant's sufficiency challenge is not preserved for appellate review. A directed-verdict motion is a challenge to the sufficiency of the evidence and requires the movant to apprise the circuit court of the specific basis upon which the motion is made. *See Rounsaville v. State,* 372 Ark. 252, 273 S.W.3d 486 (2008). Arguments not raised at trial will not be addressed for the first time on appeal, and parties cannot change the grounds for an objection on appeal, but are bound by the scope and nature of the objections and arguments presented at trial. *See id.*

After the State rested its case, appellant moved to dismiss all the charges against him, arguing,

I guess it'd be motion for dismissal based on the State's having failed to prove a prima facie case in this matter with all the elements of all four charges and the jurisdictional elements. The Court certainly has heard all the proof so far, and without going into that ele-

ment by element, I will let you just weigh—weigh what you've heard against what you know the elements to be. I would more so say specifically that, with regard to jurisdiction, you have heard testimony from the witnesses so far about things that have happened, but there is—there is, at best, some doubt and some—some lack of proof on exactly where these things happened and when they happened in those places. You've heard testimony that—that things happened between here and Little Rock, or between Guy and Little Rock, or in or around Guy and so forth on dirt roads. And, aside from arguing all the specific elements for the motion for dismissal or directed verdict, I would point out that Guy and Quitman and the road between those places and Little Rock pass through more than one county. We're talking about Faulkner County, Cleburne County, and Pulaski County. And, without more specific proof of where these things happened when they happened, I would move for a dismissal on the point of jurisdiction, as well as all the rest of the elements of those charges.

At the conclusion of all the evidence, appellant renewed his motion to dismiss "based on the lack of evidence and the jurisdiction arguments that [he] made earlier." On appeal, appellant abandons the jurisdictional argument that he made below and argues only that the victims' testimony about the crimes was so clearly unbelievable that it should be discounted. Appellant's sufficiency challenge is barred based upon lack of specificity in his directed-verdict motion. Accordingly, we decline to address the merits thereof. *See Rounsaville, supra.*

## II. *Waiver of Right to a Jury Trial*

### A. *Standard of Review*

■ The right to a jury trial is guaranteed under the Sixth Amendment to the United States Constitution and article 2, section 7 of the Arkansas Constitution. In order for that right to be abrogated, there must be a showing of a knowing and voluntary waiver made and demonstrated on the record. Ark. R.Crim. P. 31.1 (2010); *Medlock v. State,* 328 Ark. 229, ⌐₆942 S.W.2d 861 (1997); *Williams v. State,* 65 Ark.App. 176, 986 S.W.2d 123 (1999); *McCoy v. State,* 60 Ark.App. 306, 962 S.W.2d 822 (1998); *Duty v. State,* 45 Ark.App. 1, 871 S.W.2d 400 (1994).

Rule 31 of the Arkansas Rules of Criminal Procedure provides that, in order for a defendant to waive his right to a jury trial, the circuit court must ensure that the waiver is knowingly, intelligently and voluntarily made. A defendant must either waive his right in writing or in open court, or through his counsel and in the presence of the court. The rule also requires that there must be a verbatim record of any proceedings at which the defendant waives his right in person or through counsel that must be preserved.

### B. *Discussion*

■ In the instant case, the only record of a waiver of jury trial is a document entitled "Waiver of Jury Trial" that was filed on November 17, 2008, by appellant's appointed trial counsel, David Hogue. Appellant urges that the record is silent of testimony that he abandoned his substantive right to trial by jury. He submits that there is no evidence of any discussion of the jury waiver, and the circuit court failed to ask whether appellant intended to knowingly, intelligently, and voluntarily waive his right to a trial by jury. Here, the record does not indicate that appellant's counsel informed the circuit court that appellant would waive a jury trial. Additionally, appellant asserts that he did

not inform the circuit court that he had signed the waiver indicating he wanted to waive his right to a jury trial after his attorney had explained that he had that right. There is no evidence that appellant's attorney informed appellant that his right to a jury trial existed.

Appellant urges that, because the record does not give any indication that appellant had sufficient understanding of his right to a trial by jury, the entry of the jury waiver alone simply does not give rise to even minimal awareness of a right to jury trial. He maintains that this court cannot conclude that appellant knew that his right to a trial by jury existed merely from a purported signature on that written waiver. He suggests that the fact that the record is silent raises an irrebuttable presumption that appellant did not waive his fundamental right to a jury trial. *See Winkle v. State,* 310 Ark. 713, 841 S.W.2d 589 (1992).

Although appellant can raise this claim for the first time on appeal, *e.g., Calnan v. State,* 310 Ark. 744, 841 S.W.2d 593 (1992), we disagree with the merits of his claim. Under Arkansas Rule of Criminal Procedure 31.1, criminal cases that require a jury trial must be so tried unless (1) waived by the defendant; (2) assented to by the prosecutor; and (3) approved by the circuit court. *See Buckley v. State,* 349 Ark. 53, 76 S.W.3d 825 (2002). Additionally, Rule 31.2 (2009) requires that

[s]hould a defendant desire to waive his right to trial by jury, he may do so either (*l*) personally in writing or in open court, or (2) through counsel if the waiver is made in open court and in the presence of the defendant. A verbatim record of any proceedings at which a defendant waives his right to trial by jury in person or through counsel shall be made and preserved.

Ark. R.Crim. P. 31.2 (2010). Aside from waiver through counsel, our supreme court has interpreted Rule 31.2 to mean that the "only way a defendant may waive the jury trial right is by personally making an express declaration in writing or in open court and the open-court proceedings where the defendant waives his or her right must be preserved." *Medlock, supra* (citing *Calnan,* 310 Ark. at 747, 841 S.W.2d at 595).

On November 14, 2008, appellant signed a jury waiver, which stated as follows:

The undersigned defendant, and his undersigned attorney, having been advised by the Court of the defendant's right to trial by jury, guaranteed by the Constitution of the United States and the Constitution of the State of Arkansas, do hereby expressly waive a trial by jury in the above styled matter, and agrees that this case may be heard by the Court sitting without a jury.

The jury waiver was signed by appellant, his trial attorney, and the prosecutor. The circuit judge also signed the waiver beneath a line stating that "Defendant's waiver is approved by the Court this 14 day of Nov., 2008." The jury waiver was filed-marked three days later.

Appellant is under a mistaken assumption that an express declaration in writing, alone, is insufficient to waive the right to a jury trial. Rule 31.2 does not require that a waiver in writing be made in open court. As explained in *Medlock* and *Calnan,* a verbatim record should be made *only if* the defendant orally waives a jury trial in open court. *See Calnan,* 310 Ark. at 747, 841 S.W.2d at 595; *Medlock,* 328 Ark. at 232, 942 S.W.2d at 863. Thus, we hold that appellant's unequivocal signed writing was adequate to waive his right to a jury trial pursuant to Rule 31.2(1).

## III. *Speedy Trial Issue*

### A. *Standard of Review*

Arkansas Rule of Criminal Procedure 28.1(b) (2010) requires that a defendant must be brought to trial within twelve months, depending on whether he is incarcerated, or the charges may be dismissed with an absolute bar to prosecution. *Jones v. State,* 347 Ark. 455, 65 S.W.3d 402 (2002). The twelve-month period for bringing an accused to trial begins to run on the date the information is filed, or the date of arrest, whichever occurs first. *Id.* It is the burden of the State and the circuit court to ensure that the defendant is brought to trial within the required period of time so as not to violate defendant's right to speedy trial. The defendant, on the other hand, is not required to demand a trial to preserve his right to speedy trial. *Gwin v. State,* 340 Ark. 302, 9 S.W.3d 501 (2000). Once a prima facie case for a speedy trial is established by the accused, the State has the burden of showing that the delay exceeding the twelve-month period was the result of the defendant's conduct. *Scroggins v. State,* 312 Ark. 106, 848 S.W.2d 400 (1993).

The circuit court is responsible for the trial calendar, as well as maintaining the records of the criminal proceedings it presides over. Ark. R.Crim. P. 27.2 (2010). Upon request of a party, the circuit court may grant a continuance, but the movant has the burden of showing good cause. *David v. State,* 295 Ark. 131, 748 S.W.2d 117 (1988). Notwithstanding good cause, the record must properly explicate the rationale for speedy trial to be tolled. *Berry v. Henry,* 364 Ark. 26, 216 S.W.3d 93 (2005). The circuit court's decision to grant a continuance will be reversed if a clear abuse of discretion is established. *See Barnes v. State,* 346 Ark. 91, 55 S.W.3d 271 (2001).

### B. *Discussion*

Appellant argues that the record maintained by the circuit court did not properly explain the basis upon which the five orders of continuance granted by the circuit court tolled the speedy-trial-time period. He submits that when continuances cause delays to exceed the twelve-month-time period, the circuit court's failure to properly explain the rationale for granting the continuances violates the defendant's right to a speedy trial. Appellant asserts that he was unavailable for trial for a period of only nineteen days, which cannot be reasoned as the cause of the extraordinary delay.

A contemporaneous objection to the excluded period was necessary to preserve the speedy-trial argument. *See, e.g., Gondolfi v. Clinger,* 352 Ark. 156, 98 S.W.3d 812 (2003). Pursuant to Arkansas Rule of Criminal Procedure 28.1(f) (2010), an appellant cannot assert a speedy-trial claim unless he moves for dismissal prior to a plea of guilty or a trial. *See Gwin, supra.* Appellant acknowledges his failure to raise a contemporaneous objection or request for dismissal on speedy-trial grounds to the circuit court, but argues that, because the error is of such magnitude and a substantial violation of his right to a speedy trial, this court should consider the same on appeal. *See Wicks v. State,* 270 Ark. 781, 606 S.W.2d 366 (1980); *see also Winkle, supra.*

Specifically, he requests that this court expand the *Wicks* ruling to allow review for plain or fundamental error on the issue of speedy trial even in the absence of an objection at trial. This court has previously addressed this issue and refused to apply the *Wicks* doctrine to an alleged speedy-trial violation. *See, e.g., Spivey v. State,* 25 Ark.App. 269, 757 S.W.2d 186 (1988). Accordingly, we de-

cline appellant's request and affirm on this point.

## IV. *Sanctions for Alleged Discovery Violations*

### A. *Standard of Review*

The standard of review for imposing sanctions for discovery violations is whether there has been an abuse of discretion. *E.g., Hicks v. State,* 340 Ark. 605, 12 S.W.3d 219 (2000). It is within the circuit court's discretion which sanction, if any, to employ. *Id.* A mistrial is an extreme sanction for a discovery violation and is to be avoided unless the fundamental fairness of the trial itself is at stake. *Id.* The circuit court's denial of a defendant's motion for continuance will not be reversed in the absence of a showing of such a clear abuse of the court's discretion as to amount to a denial of justice, and the burden rests upon appellant to show such an abuse. *Id.* Furthermore, a reversible discovery violation will occur only if a defendant is prejudiced by the prosecutor's failure to disclose. *E.g., Robinson v. State,* 317 Ark. 512, 879 S.W.2d 419 (1994). In order to show prejudice, an appellant must demonstrate a reasonable probability that the result would have been different had the information been disclosed. *E.g., Lee v. State,* 340 Ark. 504, 11 S.W.3d 553 (2000). Under these standards, appellant has the burden to show that the omission was sufficient to undermine the confidence in the outcome of the trial. *Id.*

### B. *Discussion*

It is undisputed that two motions for discovery were filed in advance of trial. The record reflects that discovery was received relating to both cases involving the minors, K.B. and A.B.; however, during the course of cross-examination, it was first determined that K.B. had seen a doctor in the Conway Hospital following the alleged incidents and that A.B. was a patient at Lakeland Regional Hospital at the time of trial because of depression and suicidal thoughts related to the alleged molestation. Appellant contends that even though the alleged victims in this case made allegations of sexual misconduct and actual physical contact, the State failed to provide information concerning hospitalization, statements, and reports made in connection with the contact with the alleged victims.

Appellant argues that the information discovered during the trial of this matter could have, if provided to him, resulted in potential cross-examination material or more important, exculpatory information which are both discoverable and basic to appellant's right to a fair trial. *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972); *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *Nelson v. State,* 274 Ark. 113, 622 S.W.2d 188 (1981). He claims that to be deprived the opportunity to review those records during the course of the proceedings is so dangerous that prejudice is inherent as it relates to the defendant's right to a fair trial.

Appellant urges that the circuit court, at a minimum, should have granted a continuance when to deny the same prevented the defense from availing itself of the opportunity to present relevant, exculpatory, noncumulative evidence that was discovered at trial. Thus, appellant maintains that the court clearly abused its discretion by not imposing sanctions or at least in not granting a continuance. *Brown v. State,* 100 Ark.App. 172, 265 S.W.3d 772 (2007).

Appellant argues that pursuant to Rule 17.1 (2010) of the Arkansas Rules of Criminal Procedure, the State was obligated to make such disclosure and failed to satisfy the letter and spirit relating to its obligations to disclose information. He main-

tains that the prosecutor was in a close relationship with the victims by representing their interests and obtaining information and also had a relationship with police officers who possessed information that is relevant to the case. Appellant urges that such relationships give rise to the conclusion that the knowledge of that information, particularly in a case of this nature, is imputed to the prosecution. He claims that to relieve the prosecutor of this obligation would create a bizarre end that would encourage prosecutors not to ask about information such as medical treatment received by the victim prior to trial. *See Lewis v. State*, 286 Ark. 372, 691 S.W.2d 864 (1985).

Appellant has failed to preserve his argument for appellate review—this time because he failed to object and apprise the circuit court of the alleged discovery violations at the first opportunity. Objections to discovery violations must be made at the first opportunity in order to preserve them for appeal. *Brooks v. State*, 76 Ark.App. 164, 61 S.W.3d 916 (2001). Although the medical treatment was revealed during the cross-examination of K.B. and A.B., appellant did not object to the testimony or allege a discovery violation at that time. He waited to move for discovery sanctions until after the State rested its case and after he moved to dismiss the charges based on sufficiency of the evidence. Because appellant did not object to the alleged discovery violation at his first opportunity, his argument is procedurally barred.

Alternatively, his claim lacks merit. Arkansas Rule of Criminal Procedure 17.1(d) states that the prosecuting attorney shall "promptly upon discovering the matter, disclose to defense counsel any material or information within his knowledge, possession, or control, which tends to negate the guilt of the defendant as to the offense charged or would tend to reduce the punishment therefor." Additionally, Rule 17.3 (2010) requires the prosecutor to use diligent efforts to gather information possessed by other state agencies that would be discoverable if the prosecutor possessed the documents. And, under Rule 17.2 (2010), a prosecutor may meet discovery obligations by notifying the defendant that material and information that is described in general terms may be inspected, obtained, tested, copied, recorded or photographed during specified reasonable times.

We hold that the State fully met its discovery obligations under Rule 17. Before trial, appellant filed two motions for discovery, requesting, among other things, the results of scientific tests, experiment or comparison, any exculpatory or impeachment matter, and any evidence that might act as a mitigator in the sentencing phase of trial. The State provided discovery to appellant relating to both cases and informed appellant that it maintained an "open-file policy" and that "defense counsel is urged to review defendant's file in the office of the Prosecuting Attorney at any time during normal business hours."

Furthermore, if appellant thought that the victims' medical records might have assisted his defense, he could have conducted his own investigation instead of solely relying on discovery. *See, e.g., Stephens v. State*, 342 Ark. 151, 28 S.W.3d 260 (2000) (holding that the State could not be held responsible for the defendant's failure to investigate the evidence, nor was the defendant entitled to rely on discovery alone as a substitute for thorough investigation). On cross-examination, the prosecutor asked appellant if he knew whether K.B. or A.B. was in a psychiatric hospital, to which he replied, "I didn't know for sure, sir. I'd heard rumors that she was." This is further indication that he had some

idea of the information in question and could have investigated that issue himself.

Appellant cites *Giglio, Brady,* and *Nelson* for the proposition that these medical records, if delivered to appellant, could have resulted in potential cross-examination material or, more important, exculpatory information, which are both discoverable and basic to appellant's right to a fair trial. That argument presupposes that the State had access to and knowledge of the records and their contents, which appellant has failed to demonstrate. To the contrary, the prosecutor informed the circuit court that the State did not possess or have access to the victims' medical records. Because the medical facilities are not law-enforcement agencies, the prosecutor had no duty to obtain the records under Rule 17.3. In the absence of a showing by appellant that the State had access to the records, no discovery violation occurred.

Finally, even assuming that the State had access to the records and had some duty to provide appellant with the victims' medical records, appellant has failed to show the prejudice necessary to reverse based on an alleged discovery violation. *See Robinson, supra.* The medical records were not in evidence at trial, and appellant failed to make a proffer of the allegedly withheld records. Thus, this court cannot ascertain whether any prejudice resulted from the State's failure to furnish appellant with the records. *See, e.g., Thompson v. State,* 322 Ark. 586, 910 S.W.2d 694 (1995). Absent prejudice, appellant's convictions must be affirmed.

Affirmed.

GLOVER and ABRAMSON, JJ., agree.