
# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-14-11

| | | |
|---|---|---|
| JONATHAN JOHNS | | Opinion Delivered October 22, 2014 |
| | APPELLANT | |
| | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIFTH DIVISION [NO. CR2012-3853] |
| V. | | |
| | | |
| STATE OF ARKANSAS | | HONORABLE WENDELL GRIFFEN, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

**PHILLIP T. WHITEAKER, Judge**

Appellant Jonathan Johns was charged by felony information with one count of maintaining drug premises, a Class C felony; one count of possession of less than two grams of a controlled substance, a Class D felony; and one count of possession of drug paraphernalia, also a Class D felony. The information also reflected that Johns, who had been previously convicted of four or more felony offenses, was subject to the sentence-enhancement provisions of Arkansas Code Annotated section 5-4-501(b) (Repl. 2006). Johns waived his right to a jury trial, and the Pulaski County Circuit Court found him guilty of the two Class D felonies. He was acquitted of maintaining a drug premises. After a separate sentencing hearing, the court sentenced Johns to three years on each count, to be served concurrently. On appeal, Johns asserts that the written jury-waiver form he filled out was

SLIP OPINION

invalid because the waiver did not specifically state that he was facing habitual-offender sentencing on each of the charges.[1] We find no error and affirm.

The right to be tried by a jury is guaranteed under the Sixth Amendment to the United States Constitution and article 2, section 7, of the Arkansas Constitution. When a defendant exercises his constitutional right to be tried by a jury, then the jury in a separate proceeding fixes the appropriate statutory punishment. *See* Ark. Code Ann. § 5-4-103(a) (Repl. 2006).

While the constitution guarantees a right to be tried by a jury, there is no constitutional right to be sentenced by a jury. *Bunch v. State*, 344 Ark. 730, 738, 43 S.W.3d 132, 137 (2001) (citing *Spaziano v. Florida*, 468 U.S. 477 (1984); *Scherer v. State*, 294 Ark. 227, 742 S.W.2d 877 (1988)). A defendant may, moreover, waive his constitutional right to be tried by a jury. Ark. R. Crim. P. 31.2. When a defendant waives his right to be tried by a jury, he waives his statutory right to be sentenced by a jury.[2] *See* Ark. Code Ann. § 5-4-103(b)(2) (Repl. 2006) ("The court shall fix punishment as authorized in this chapter in any case in which . . . [t]he defendant's guilt is tried by the court."). In order for one's jury-trial right to be abrogated, there must be a showing of a knowing and voluntary waiver made and

---

[1]Johns concedes that he is raising this argument for the first time on appeal. The validity of a jury waiver, however, is an issue that may be raised for the first time on appeal. *See Calnan v. State*, 310 Ark. 744, 841 S.W.2d 593 (1992); *Moten v. State*, 2011 Ark. App. 417.

[2]Sentencing in Arkansas is entirely a matter of statute. *Bunch v. State*, *supra*; *State v. Freeman*, 312 Ark. 34, 846 S.W.2d 660 (1993).

demonstrated on the record. *Medlock v. State*, 328 Ark. 229, 942 S.W.2d 861 (1997); *Williams v. State*, 65 Ark. App. 176, 986 S.W.2d 123 (1999). Absent a waiver, it is generally improper for a circuit court to assess a defendant's sentence in place of a jury. *Davenport v. State*, 2013 Ark. 508, at 7, 431 S.W.3d 204, 208 (citing *Barnes v. State*, 258 Ark. 565, 528 S.W.2d 370 (1975); *Redding v. State*, 254 Ark. 317, 493 S.W.2d 116 (1973)). In order for a defendant to waive his right to a jury trial, the circuit court must ensure that the waiver is knowingly, intelligently, and voluntarily made. *Barrow v. State*, 2010 Ark. App. 589, 377 S.W.3d 481.

Rule 31.2 also requires that there must be a verbatim record of any proceedings at which the defendant waives his right in person or through counsel that must be preserved. *Barrow*, *supra*. Here, the circuit court made a verbatim record of the defendant's written waiver. Johns executed a written waiver of his right to jury trial; the waiver form contained the following language:

> I understand that I have a right to a jury trial where no verdict would be accepted unless all twelve jurors agreed. If the jury found me to be guilty of anything, I would have the right to have the jury set my punishment.

> I waive my right to have a jury trial. I ask that the judge hear and weight [*sic*] the evidence and, after applying the law, make a decision if I am guilty of anything. If the judge finds me guilty, the judge sets my punishment.

> I understand that I keep all of my other rights.

The form was signed by Johns, his defense attorney, the prosecuting attorney, and the judge.

Moreover, the circuit court made a verbatim record of Johns's personal waiver of his right to jury trial in open court, addressing the waiver in the following colloquy at the omnibus hearing:

COURT: In Case 12–3853, you are charged at count one with maintaining drug premises. That is a Class C felony which, upon conviction, would carry a punishment ranging from three years to thirty years in the state penitentiary and/or a $10,000 fine.

At count two, you're charged with possession of [a] controlled substance, cocaine, which, upon conviction, would carry a punishment of up to fifteen years in the state penitentiary and/or a $10,000 fine.

At count three, you are charged with possession of drug paraphernalia, which, upon conviction, would carry a punishment of ranging up to fifteen years in the state penitentiary and/or a $10,000 fine.

Do you understand the charges against you and the punishment range, sir?

JOHNS: Yes, sir.

COURT: You have the right to a jury trial where no verdict would be accepted unless all twelve jurors agreed. If the jury found you guilty of anything, you would have the right for the jury to set your punishment. By waiving your right to a jury trial, you ask that the judge hear the evidence against you, weigh the evidence, and apply the law to it and determine whether you are guilty of anything or not.

If the judge finds you guilty, then the judge will set your punishment. You keep all your other rights. Do you understand that?

JOHNS: Yes, sir.

COURT: Does the State have any objection to the jury waiver in 2012–3853?

STATE: No, Your Honor.

COURT: The court finds, Mr. Johns, you have knowingly, voluntarily, and intelligently waived jury trial in Case 12–3853 and the court accepts your jury waiver.

Despite the verbatim record, Johns argues that his jury waiver was defective because the written waiver form did not specifically spell out the fact that he was subject to

4

sentencing as a habitual offender. Johns acknowledges that a criminal defendant in Arkansas has neither a federal nor a state constitutional right to be sentenced by a jury. *See Bunch, supra*; *Froman v. State*, 232 Ark. 697, 339 S.W.2d 601 (1960). However, he likens his right to be sentenced by a jury as a habitual offender to his right to be sentenced by a jury on a substantive criminal charge. First, he contends, a habitual–offender charge must be set forth in the criminal information filed against the defendant. *See Finch v. State*, 262 Ark. 313, 556 S.W.2d 434 (1977). Second, he asserts that the defendant's previous convictions, like the elements of a substantive charge, must be proved by the State beyond a reasonable doubt. *See* Ark. Code Ann. § 5-4-504(a) (Supp. 2011). Third, he notes that, as with a substantive charge, a jury imposes sentence on a habitual offender. *See* Ark. Code Ann. § 5-4-502(4) (Supp. 2011). Therefore, Johns argues that a habitual-offender charge is similar enough to a substantive criminal charge that "a jury-waiver form should reference a habitual-offender charge with the same degree of specificity used to reference substantive criminal charges." The failure to do so, he maintains, results in a jury waiver that is not knowingly, intelligently, and voluntarily waived. Johns additionally argues that the waiver form and colloquy failed to apprise him that he would be sentenced by the circuit court as a habitual offender.

We disagree. As this court noted in *Brock v. State*, 90 Ark. App. 164, 204 S.W.3d 562 (2005), "a defendant may waive his constitutional rights and consent to judicial factfinding as to sentence enhancements." *Id*. at 172–73, 204 S.W.3d at 567 (citing *Blakely v. Washington*, 542 U.S. 296 (2004)). Here, the waiver form was signed by Johns, his defense attorney, the prosecuting attorney, and the judge. The waiver form specifically reflected that Johns was

waiving his right to be tried by a jury on the substantive charges of maintaining a drug premises, possession of a controlled substance, and possession of drug paraphernalia. Because he was waiving his right to be tried by a jury on these charges, he was also waiving his right to be sentenced by a jury on these charges. For the Class D felonies with which he was charged, the waiver form provided that Johns was facing sentences of "up to 15 years ADC."[3] This sentencing range clearly reflects the enhanced sentencing range found in section 5-4-501(b)(1)(A)(ii). Moreover, in the waiver colloquy, the court directly referenced the enhanced punishment ranges; it specifically inquired whether Johns had spoken to his attorney about the jury waiver and understood the punishment ranges; and it ensured that Johns understood that, if found guilty, he would be sentenced by the court.

This is not a case, as Johns suggests, where we must presume a waiver from a silent record. Johns was made aware of the enhanced sentencing ranges, he acknowledged that he was aware of the possible punishment, and he explicitly agreed to waive a jury in light of all these factors. Accordingly, we conclude that Johns's jury waiver was valid, and we affirm his convictions.

Affirmed.

HIXSON and BROWN, JJ., agree.

*Don Thompson*, Deputy Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.

---

[3]Ordinarily, when an individual is convicted of a Class D felony, the sentence shall not exceed six years. Ark. Code Ann. § 5-4-401(a)(5) (Supp. 2011).