Cite as 2020 Ark. App. 379

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-19-874

| | |
|---|---|
| DALLAS QUINCY JACKSON<br><div align="right">APPELLANT</div> | **Opinion Delivered:** September 9, 2020 |
| | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION<br>[NO. 60DR-19-821] |
| V. | |
| | HONORABLE LEON JOHNSON, JUDGE |
| STATE OF ARKANSAS<br><div align="right">APPELLEE</div> | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Following a May 30, 2019 bench trial, appellant Dallas Jackson was convicted of one count of possession of a Schedule IV controlled substance (marijuana) with intent to deliver (between twenty-five and one hundred pounds). His sole point on appeal is that the circuit court erred when it denied his Arkansas Criminal Procedure Rule 19.7 motion. In his motion for discovery sanctions, he contended that the evidence should be suppressed because the State failed to preserve and provide the motor-video recording (MVR) of his encounter with the police. We affirm.

The State filed a criminal information on February 25, 2019, charging Jackson with one count of possession of between twenty-five and one hundred pounds of a Schedule IV controlled substance, marijuana, with intent to deliver. The charge stemmed from Jackson's encounter with officers from the Little Rock Police Department on June 17, 2018, during

which an officer saw a large bag of what he suspected—and what proved to be—marijuana in Jackson's lap, resulting in his arrest and search of his vehicle yielding over twenty-five pounds of marijuana.

On March 19, 2019, Jackson filed a motion for discovery in which he requested, in pertinent part, "[a]ll written or recorded statements and the substance of all oral statements made by [Jackson,]" and "[a]ll tape recordings, still photographs, motion pictures and video tape recordings made in connection with this cause" that were in the possession of the State. The motion invoked, in pertinent part, Rules 17 and 19 of the Arkansas Rules of Criminal Procedure.

On May 15, 2019, Jackson filed two motions. The first was the motion to suppress the results of the searches of his person and vehicle. The second motion requested discovery sanctions under Arkansas Criminal Procedure Rule 19.7. In the latter motion, Jackson alleged that the officers had recorded their interactions with him on their unit's MVR system, but the State had failed or refused to provide the recording of the encounter to him. The motion alleged that Jackson "initially filed a request for discovery on June 26, 2018[,]"—roughly nine months before the filing of the criminal information in circuit court—"specifically requesting copies of any video/audio recordings depicting [Jackson]." The motion contended that the MVR recording was material to Jackson's defense. The relief Jackson requested was to either (a) order the State to produce the MVR recording or (b) "suppress all evidence obtained pursuant to the stop and detention of the Defendant."

The circuit court addressed Jackson's motion to suppress and his motion for discovery sanctions during the bench trial on May 30, 2019. The circuit court heard testimony from

2

the law enforcement officers who arrested Jackson, the narcotics detective assigned to the case, and an analyst from the Arkansas State Crime Laboratory. Jackson testified in his own defense. The parties differed on their accounts of Jackson's encounter with the police; the officers testified that they did not activate their vehicle's blue lights and did not block his car, while Jackson testified that they had.

Testimony indicated that the officers had activated their MVR recorder just before the encounter, and the recording would have shown some of the officers' interaction with Jackson, but the recording was no longer available because it had been recorded over 120 days after Jackson's arrest. The prosecutor asked one of the officers for the video shortly before trial, but the MVR recording was no longer available by that time. The officers testified they never received a specific request to preserve the footage, which would have come from the case detective. However, the detective testified that he verbally instructed the officers to preserve the footage on the day of the arrest.

At trial, the circuit court denied Jackson's motion for discovery sanctions and his motion to suppress.[1] The circuit court set a sentencing hearing for a later date.

On August 14, 2019, Jackson filed a motion for reconsideration of the denial of his sanctions motion. In support of his motion, Jackson attached a letter written in April 2012 by Pulaski County Prosecuting Attorney Larry Jegley and addressed to the Little Rock Police Department and other law enforcement agencies regarding MVR recordings. In the letter, Jegley issued a blanket "request that all electronic data collected" by law enforcement,

---

[1]In his motion for discovery sanctions, he also prays, in the alternative, the same relief he sought in his motion to suppress. Jackson does not appeal the denial of his suppression motion.

including MVRs, "be retained and kept available in all cases, including misdemeanors, until the case is concluded in the court system." Jackson's motion argued that the existence of the letter demonstrated bad faith on the part of the police with respect to the MVR recording.

At the August 19 sentencing hearing, the circuit court heard Jackson's reconsideration motion, denied it, and sentenced him to seventy-two months' probation and a $1000 fine plus costs and fees. This appeal followed and is now properly before our court.

Jackson's sole point on appeal is that the circuit court erred when it denied his motion, made under Arkansas Criminal Procedure Rule 19.7, requesting the suppression of all the evidence against him when the State failed to preserve and provide the MVR of his encounter with the police. The standard of review here is abuse of discretion. *E.g.*, *Duck v. State*, 2018 Ark. 267, at 3, 555 S.W.3d 872, 873. "Abuse of discretion is a high threshold that does not simply require error in the trial court's decision, but requires that the trial court act improvidently, thoughtlessly, or without due consideration." *Threadgill v. State*, 347 Ark. 986, 993, 69 S.W.3d 423, 428 (2002). Assessing witness credibility "is for the fact-finder, and the circuit court performs this role during a bench trial." *Holmes v. State*, 2019 Ark. App. 384, at 3, 586 S.W.3d 183, 185 (citation omitted). Our court will not second-guess the credibility determinations of the fact-finder on appeal. *See, e.g.*, *Gonzales v. State*, 2019 Ark. App. 600, at 15, 589 S.W.3d 505, 514.

Arkansas Criminal Procedure Rule 17.1 mandates that the prosecution shall disclose, *inter alia*, "any written or recorded statements and the substance of any oral statements made

4

by the defendant[.]" Ark. R. Crim. P. 17.1 (2019). Rule 17.3 obligates the prosecuting attorney, upon a timely request by the defendant, to make diligent good-faith efforts to obtain discoverable material that is in the possession of other governmental personnel. Ark. R. Crim. P. 17.3.

Rule 19.7 provides that in response to a violation of a discovery rule, the circuit court may

> permit the discovery or inspection of materials not previously disclosed, grant a continuance, prohibit the party from introducing in evidence the material not disclosed, or enter such other order as it deems proper under the circumstances.

Ark. R. Crim P. 19.7.

The circuit court's denial of Jackson's sanctions motion came after it heard the testimony of both the law-enforcement personnel who were assigned to his case and Jackson himself and after hearing argument on the motion. We hold that the circuit court's ruling here was not made improvidently, thoughtlessly, or without due consideration. The circuit court's ruling is further supported by the fact that Jackson requested exclusion of all the evidence against him, an extreme request that was tantamount to dismissal of the charges against him. *See, e.g., Snell v. State*, 290 Ark. 503, 511, 721 S.W.2d 628, 633 (1986). That the circuit court did not commit an abuse of discretion is also supported by the fact that it afforded Jackson a full opportunity to cross-examine the officers. *See, e.g., Turner v. State*, 325 Ark. 237, 246, 926 S.W.2d 843, 848 (1996) (holding that the circuit court did not err in denying a mistrial as a discovery sanction when the defendant had a full opportunity to cross-examine the relevant witnesses).

5

The circuit court's finding that Jackson failed to demonstrate bad faith on the part of the State was based on its assessment of the witnesses' credibility, which we will not reweigh on appeal. *See, e.g.*, *Gonzales*, 2019 Ark. App. 600, at 15, 589 S.W.3d at 514; *Holmes*, 2019 Ark. App. 384, at 3, 586 S.W.3d at 185. That finding of no bad faith further supports the circuit court's decision not to impose Jackson's extreme sanction request to exclude all the evidence against him. *See Threadgill*, 347 Ark. at 995, 69 S.W.3d at 429.

Jackson's arguments to the contrary, which center on *Vilayvanh v. State*, 2012 Ark. App. 561, are not persuasive. First, the court in *Vilayvahn* disapproved of a defendant's request for the most extreme remedy available to the defendant in the circumstances. 2012 Ark. App. 561, at 5. In that case, the remedy sought was a mistrial; here, Jackson seeks a similarly extreme remedy in his motion for discovery sanctions, when he prays in the alternative to suppress all evidence obtained pursuant to the stop and his detention, which would be tantamount to dismissal.

Jackson relies on the discovery motion he filed in district court, arguing that the motion was filed within the 120-day period before the MVR was deleted and put the State on notice that he sought the video. However, our court is not in a position to evaluate the particulars of that motion because Jackson failed to include it in the record on appeal. *See, e.g.*, *Hall v. State*, 2020 Ark. App. 135, at 5, 594 S.W.3d 175, 179 ("An appellant who seeks relief in this court has the burden to bring up a sufficient record upon which to grant relief.").

Jackson's next argument, that he was seized when the officers blocked his vehicle, contends that the officer's search was invalid. But Jackson did not appeal the circuit court's denial of his suppression motion, so the argument will not be considered here.

Finally, Jackson complains that he was obliged to testify in his own defense in order to counter the officers' testimony. However, his choice to testify on his own behalf does not render the circuit court's ruling an abuse of discretion. His complaint that "[i]n reality[,]" a criminal defendant's testimony in a bench trial does not "carry any weight against two police officers" is also without merit. This is not a legal argument; Jackson cites no authority in support of this claim, nor does he otherwise develop the issue. As such, we will not consider it. *See Britton v. State*, 2014 Ark. 192, 433 S.W.3d 856.

We note that the circuit court found no bad faith on the part of the police in failing to preserve the evidence, and he has not appealed that ruling. We cannot say that the circuit court's denial of Jackson's motion for a discovery sanction that was tantamount to dismissal of the charges against him was an abuse of discretion, and as such, we affirm.

Affirmed.

GRUBER, C.J., and KLAPPENBACH, J., agree.

*The Cannon Law Firm, P.L.C.*, by: *David R. Cannon*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.